## G. G. SLEEPER *v.* ESTATE OF JOSEPH GOULD.

*Probate Court. Settlement of Estates. Acts of 1867, No. 39, as to Renewing the Commission for Presentation of Claims,—construed. Pleading.*

1. The application to the Probate Court to renew the commission, and extend the time for the presentation of claims against the estate of a deceased person, when there is no question as to notice, must be made within six months after the expiration of the time previously limited; and cannot be made *at any time*, during the settlement of the estate.
2. An agreed statement of facts, presenting merely the construction of a statute, obviates the necessity of a plea in abatement.

THIS case was heard at the March Term, 1880, REDFIELD, J., presidlng.

It was an appeal from the order of the Probate Court, for the probate District of Washington denying the petition to open the commission, and allow the petitioner to present his claim to said commissioners, for examination and allowance against Joseph Gould's estate. The case fully appears by the " Agreed statement of facts." The court affirmed the judgment of the Probate Court, with cost to defendant, and ordered the same to be certified to that court, to which judgment the petitioner excepts. Exceptions allowed, and cause passed to the Supreme Court.

### AGREED STATEMENT OF FACTS.

This was a pétition by G. G. Sleeper, the appellant, to the Probate Court, for the District of Washington, for the renewal of the commission issued to the commissioners, on the estate of said Joseph Gould, duly appointed and commissioned by said court.

The matter of said petition was heard by said Probate Court July 14, 1879 ; but said petition of said Sleeper had been pending in said Probate Court, from and after April 10, 1878 ; and hearing on same had been adjourned from time to time ; and said court denied the prayer of said petition for the reason that the petitioner's application for the renewal of said commission was not made to said court, within six months after the expiration of the time limited in said commission, for creditors to present their claims, nor until more than two years after the date and issuing of said commission.

The following facts are agreed upon by the parties as being all the facts deemed material for a decision of this case :

The said Joseph Gould died at Northfield, in said district January 13, 1876 ; that on the 18th day of January, 1876, his son, Joseph W. Gould, was duly appointed administrator of the estate of the said Joseph Gould, by the Probate Court for the District of Washington.

That on the said 18th day of January, 1876, commissioners on the said estate were duly appointed and commissioned by said court, and the period of six months was allowed, and stated in the commission issued to said commissioners, by said court for creditors to present their claims to said commissioners for examination and allowance, and the said period of six months expired July 18, 1876.

The said commissioners gave due notice of the times and places of their meetings, by publication of said notice, and posting the same in accordance with the directions and requirement contained

in said commission, and agreeably to the order of said court and as required by law.

The said Sleeper, a creditor of said estate, who had a claim against said estate, failed to present his claim to the said commissioners for examination and allowance, within the period of six months, limited and stated in said commission, until a short time before the 16th day of April, 1878, the said claim was not received or acted upon by said commissioners.

On the 10th day of April, 1878, and before the final settlement of said estate, the said Sleeper made his application to the said Probate Court to renew the said commission, and allow a further time for said commissioners to receive and examine his said claim, and said application was filed in said court July 20, 1878.

The said commissioners continued their sessions from time to time, for the examination and allowance of the several claims of creditors of said estate, presented to them for examination and allowance, within the six months allowed and stated in said commission, and made and returned their report to the said Probate Court, on the 26th day of June, 1879; and the said report was accepted by said court, and ordered to be recorded.

There had been no application to the Probate Court to extend the time first limited and stated in said commission, until the application made by the petitioner, as above stated; and there had been no extension thereof by said court.

On the 18th of January, 1876, two commissioners were appointed by the Probate Court, who were sworn on the        day of February, and signed the notice of their meetings, which were published and posted. After six months, from the 18th day of January, 1876, a third commissioner was appointed by the Probate Court, who was sworn on the 19th day of August, 1876, for the purpose of considering a claim in which one of the first commissioners was disqualified from considering. The commissioners' report to the Probate Court is signed by the three commissioners, and the records in the Probate office do not show but what the three commissioners were appointed at the same time, to wit, January 18, 1876, and that two of them were sworn in February, 1876, and one in August, 1776.

*T. J. Deavitt,* for the plaintiff.

*H. W. Heaton* and *George M. Fisk,* for defendant.

8 ـ

The opinion of the court was delivered by

VEAZEY, J. The application to renew the commission for the presentation of claims, was made more than six months after the time previously limited, but before the commissioners made their report to the Probate Court.

The statute, No. 39, Acts of 1867, which is the Act now in force,—provides as follows : " On application of a creditor who has failed to present his claim, if made within six months after the expiration of the time previously limited . . . and such application shall be made before the final settlement of the estate, the court may, for good cause shown . . . renew the commission," &c.

It seems plain to us that such application, where no question of notice to the creditor is involved, must be made within the six months named. Such is the unmistakable language of the statute. Estates may be, and often are, settled within six months after the time limited for the presentation of claims. In such case there would be less than six months within which an application for renewal of the commission could be made. According to the petitioner's construction of the statute, such application can be made at any time, before the final settlement. Such construction would render the words of the statute, " if made within six months after the expiration of the time previously limited," of no use or force whatever.

The petitioner insists that the question here made, could be raised only by a written motion to dismiss, or plea in abatement; and that by omitting to file such motion or plea, the right to make the question was waived.

The case is an appeal from the order of the Probate Court, denying the petition to open the commission, &c. ; and in the County Court the parties filed an agreed statement of facts, including by reference, the probate records, but which reserved no question of pleading. It then became the duty of the County Court to render a proper judgment upon those facts, which it did by affirming the judgment of the Probate Court. The agreed statement as made obviated all necessity for a plea.

The judgment of the County Court is affirmed, and the same to be certified to the Probate Court.