## MOKUHIA *vs.* WM. McCANDLESS.

QUESTION RESERVED.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY AND AUSTIN, JJ.

Defendant gave his infant child to plaintiff to bring up; no articles of adoption were signed; defendant subsequently took the child back; held, plaintiff was in *loco parentis*, and cannot recover for services rendered and necessaries supplied to the infant, there being no contract by defendant to pay therefor.

OPINION OF THE COURT, BY JUDD, C. J.

THE question reserved at the trial of this case for the consideration and decision of the full Court is as follows:

"Where the defendant gave his infant child, less than two years old, to the plaintiff to 'hanai,' or bring up, there being nothing said by the parties as to the time during which this was to last, or whether it was to be without limit of time, no writing of adoption having been made, and the defendant thereafter took the child back; can the plaintiff recover of defendant for food and clothing supplied, and for services rendered to the infant while in plaintiff's custody, there being no proof of any express agreement by defendant to pay therefor."

The law of this Kingdom requires, in order to the validity of an adoption, that the contract be put in writing, and legalized before some Judge of a Court of Record. This was not done in this case; but it seems to us that in all other respects the child was situated in the plaintiff's family precisely as if adopted. This condition of things lasted so long as the child remained there. The plaintiff was in *loco parentis*. He had the comfort of the child's presence as an object of love and care, and in return provided it with food and clothing, and cared for its wants. The one was the consideration of the other. This was the only contract made or implied between the parties. Certainly when the child was taken there was no intention to make any charge for

keeping it. How, then, can such an intention or contract be inferred or implied, because subsequently the child was taken away? It was a contract when they took the child, or it never became one.

If an agreement of adoption had been executed and legalized, then it is quite clear that no obligation would exist on the part of the natural parent to pay for the food and clothing provided, and for the services rendered; for by the very terms of the agreement this obligation would be cast on the adopting parent.

No express contract to pay, on the part of the father, is shown. But we are aware that the law will impute a promise to pay where some duty is deemed sufficient to justify it. The child was not put out to board with the plaintiff; in such case the father would be liable for necessaries upon his implied promise. Here the plaintiff took the child to bring up as his own. *Quoad hoc* he assumed all the obligations of a parent to the child, and we think he cannot recover of the father for what he did in favor of the child while the relation existed. Clearly, if a regular adoption had been entered into, and then rescinded by mutual consent, the action would not lie.

We think plaintiff cannot recover.

Judgment for defendant, *non obstante veredicto.*

*Kinney & Peterson,* for plaintiff.

*F. M. Hatch,* for defendant.

Honolulu, May 27, 1885.