## IN THE MATTER OF CONSTRUCTION OF THE . ELECTION LAW.

OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE CABINET.

In computing time under a law which required that a request be filed not less than fourteen days before the day of election, the day on which the request was filed is to be counted as the first of the fourteen days.

A person ineligible for election as Representative, by reason of holding office under Government, may remove the disqualification by resigning said office before election.

DEPARTMENT OF THE JUDICIARY,
HONOLULU, H. I., November 19, 1892.

*To Her Majesty's Cabinet :*

GENTLEMEN : The Justices of the Supreme Court have had the honor to receive from you a request for an opinion upon questions stated as follows :

" A special election for Noble to take the place of W. H. Cornwell, resigned, for the islands of Maui, Molokai and Lanai, has been ordered to take place on Tuesday, the 29th day of November instant. Upon the 15th day of November, at 3:40 P. M., a request was received at the Interior Department, signed by the

requisite number of Noble voters, requesting A. Hocking, Esq., to stand as a candidate for Noble for that district.

" It appears also from the records of the Interior Department that A. Hocking, Esq., is a member of the Road Board, and also a Fence Commissioner for the district of Makawao, island of Maui.

" The following questions suggest themselves, upon which an opinion is respectfully requested :

" First.    Is the filing of the request upon behalf of A. Hocking, at 3:40 P.M., on the 15th day of November, 1892, a compliance with Section 47 of the General Election Law of the Kingdom, being Chapter 86 of the Session Laws of 1890, which says, ' Which request shall be deposited with the Minister of the Interior not less than fourteen days before the day of election,' or should it have been filed, to comply with the law, upon the 14th of November ?

" Second.    Does the fact of A. Hocking holding, on November 15th, 1892, by the records of the Interior Department, the offices of member of the Road Board and of Fence Commissioner for the district of Makawao, render him ineligible under Section 22 of said Act, such offices being of trust and profit under the Government or under a department thereof ?"

To these questions we have the honor to reply as follows. The subject of computation of time within which an act is to be done has been discussed by very many Courts and the decisions thereon are very numerous.    Where an act is to be done within a specified number of days after a specified event, the rule now supported by nearly all of the modern cases is that the time should be computed by excluding the day or the day of the event from which the time is to be computed and including the last day of the number constituting the specified period.    Sutherland on Statutory Construction p. 135.    This principle is recognized in Section 1166 of the Compiled Laws which reads :    " The time within which an act is to be done, as provided in any part of this chapter, shall be computed by excluding the first day,

and including the last. If the last day be Sunday, it shall be excluded."

But in the Election Law under consideration, the day of election (November 29th) must be excluded, for the law says the request must be deposited not less than fourteen days *before* the day of election. Excluding then this day and counting back, the day of the depositing (November 15th) would be the fourteenth day. Should this day also be excluded? If it should be excluded in the computation, then only thirteen days would elapse between the filing and the election. The decisions on this question are contradictory. They need not all be cited here. As the law does not regard fractions of a day, and the depositing not being an act which would occupy the whole of a day, the request may be regarded as having been deposited at the first moment of the day. It is a general rule that Courts refuse to take notice of a fraction of a day unless it is necessary to decide which of two events happened first.

In *State ex rel Reitemeyer vs. Gasconade Co. Court*, 33 Mo., 102, the ordinance required an oath as a prerequisite to an election of a county treasurer to be filed in Court "at least five days before the day of election." The oath was filed on the 30th of October. The election took place on the 4th of November. The Court held that "in the computation of time it is laid down generally that where the computation is to be made from an act done, the day when such act was done is included. But it will be excluded whenever such exclusion will prevent a forfeiture. Here to exclude the day on which the oath was filed would cause a forfeiture. We think that the day should be counted, and therefore that the petitioner complied with the ordinance." The mandamus to commission the petitioner was awarded.

In *Thomas vs. Afflick*, 16 Penn., 15, the statute required notice "at least thirty days before the suing out of the writ." The notice was given on the 19th of May. The suit was brought on the 18th of June. Excluding both the 19th of May and the 18th of June would leave but 29 days. To include the 19th of May, the day of service, would make 30 days. The Appellate Court held that the "rule of computation is to include the first

day and exclude the last; and applying it to this case we find the action was not brought too soon." It is to be noticed that the statute before us does not say that there must be 14 "clear" or "entire" days between the filing of the request and the election. The English Courts have held otherwise in *Regina vs. Shropshire*, 8 A. & E., 173. The Court held that "where an act is required by statute to be done so many days at least before a given event, the time must be reckoned, excluding both the day of the act and that of the event." But the Court made this decision following the precedent of a former case which was given without reasoning. Their opinions are as follows:

"Lord Denman, C.J.—We may regret the decision we have to pronounce in the particular instance, but it is much best not to shake a rule settled by former decisions. The writ therefore must not go.

"Littledale, J.—We must abide by what has been already decided, though it appears to me that a day is a day, whether 'at least' be added or left out.

"Patteson, J.— In a matter wholly indifferent, it is best to abide by former decisions; that is the ground of my judgment.

"Coleridge, J.—I think, for the same reason, that the rule must be discharged; but, on principle, I should be of a different opinion."

The current of decisions not being uniform and consistent, we prefer to advise that in this case the rule be adopted to count the day upon which the request was filed as the first of the fourteen required days. We think, therefore, that the request was filed in time and that the statute is complied with.

As regards the holding by the candidate in question of the offices of a member of the Road Board and of Fence Commissioner, these are positions of trust, if not of profit, under the Government. Section 22 of the Election Law prescribes that no such person shall be eligible for election either as a Noble or Representative, and it will be sufficient if he resigns the offices before the election. There is no provision of the statute forbidding him from standing as a candidate while under disqualification. If the disqualification should be removed at any

time before the election it would be sufficient. It is not essential that it should be removed at the time of the filing of the request.

Respectfully submitted,

A. F. JUDD,
R. F. BICKERTON,
S. B. DOLE.