EMMA DEFRIES *v.* BRUCE CARTWRIGHT and H. E. McINTYRE, Executors of the Will of G. TROUS-SEAU, deceased.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 24, 1896.                    DECIDED APRIL 8, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

D. filed a claim with the executors under the will of a deceased person on February 25, and the executors rejected it on February 26th, and D. commenced her action on April 27. Held, that April 27 was more than two months after the rejection of the claim, and the action could not be maintained under the law requiring suit to be brought "within two months after rejection of the claim."

In computing the time within which an act is to be done, the first day shall be excluded and the last included.

The statute, "Act of 1868, amended by Chap. 10, Laws 1876, to limit the time within which claims of creditors against the estates of deceased persons shall be presented, and suits be commenced to enforce rejected claims," is a special statute of limitation, often known as "statute of non-claim," and need not be specially pleaded.

The executor or administrator cannot waive the provisions of this statute.

OPINION OF THE COURT BY WHITING, J.

The plaintiff brought an action against the defendants, executors under the will of G. Trousseau, upon a promissory note of deceased, and produced evidence which showed that the claim was presented to the executors on February 25, 1895, and on February 26, 1895, was rejected by the defendants, and on April 27, 1895, the plaintiff began her action and summons issued.

She alleges in her complaint that she presented her claim duly verified to the defendants on February 25, 1895, and that on February 26, 1895, the defendants rejected her claim and refused to pay it; but plaintiff does not allege that "she has brought her action within two months after such rejection." The defendants in their answer deny the truth of each and every allegation in plaintiff's complaint, and give notice that among other defenses they rely on fraud, forgery, want of consideration, illegality and the statute of limitations, and that suit was not brought on plaintiff's claim within sixty days after the same was rejected and disallowed by defendants.

It appeared at the trial that plaintiff had brought her action on April 27, 1895, and upon the close of plaintiff's case the defendants moved to dismiss the complaint on the ground that plaintiff had not brought her action within the time prescribed by law, viz., within two months after the claim was rejected by the executors.

The court granted the motion, to which plaintiff excepted.

The statute, Acts of 1868 as amended by Chapter 10, Laws of 1876, Comp. Laws, page 397, provides for notice to creditors and for the filing of claims against estates of deceased persons, and Section 3 provides, "If a claim be rejected by the executor or administrator a suit must be brought upon it against the executor or administrator within two months after such rejection or within two months after the same shall become due, or it will be forever barred."

Was the day, April 27th, within two months after February 26th, the day of rejection of plaintiff's claim?

The word month shall be construed to mean a calendar month unless otherwise expressed. Chapter 3, Civil Code, of the construction of laws. Sec. 18, Civil Code.

In *Bowler v. Walker*, 9 Haw. 306, the court held that a writ issued August 25, 1893, judgment having been rendered February 25, 1893, is issued "within six months from the rendition of judgment," as required by statute. The court followed the general rule that in computing the time within which

an act is to be done, the first day shall be excluded and the last included. *In re Election Law*, 8 Haw. 602; Sec. 1166, Civil Code.

By excluding the day of rejection of the claim, February 26th, the first month would begin February 27th and end March 26th, and the second month begin March 27th and end April 26th; accordingly the action brought on April 27th was not commenced within the time prescribed by law, but was one day too late.

These statutes of non-claim are frequently called special statutes of limitation. Statutes of this character may be considered not as statutes of limitation but rather as special regulations of probate law which impose the loss of the claim if the party fail to sue on it within the time prescribed.

The executor or administrator cannot waive this statutory regulation. The statute is imperative and must be followed by the plaintiff. It is not necessary for defendants to specially plead this statute, but they can take advantage of it if the evidence or proofs show that plaintiff has not complied with the provisions of the statute.

The rule of the Circuit Courts (Rule 4) provides that "in personal actions, the statute of limitations shall be specially pleaded." This has generally been regarded as applicable to Sec. 1036, and following sections, Civil Code, of the time of commencing personal actions (Stat. of Lim. of Personal Actions) and not to this Act of 1868 (Stat. of Non-Claim or Special Limitations) relating to the presentation and rejection of claims against deceased persons' estates.

In *Shaw v. Kahala*, 3 Haw. 367, the court held that this special statute of limitations in the Act of June 23, 1868, limiting the time within which to bring suits against administrators on rejected claims was not required to be specially pleaded.

In the case at bar plaintiff had no surprise, and could have none, for although the answer of defendants does not technically word for word set up notice that they rely on the statute of non-claim, as they do not use the words "within two months,"

yet defendants have substantially complied with the rule of court (Rule 4, Circuit Court Rules) and given substantial notice to plaintiff of the defense they relied on, to wit, that the suit was not commenced within the time prescribed by the Act, when they noted in their answer that the action was not brought within 60 days after rejection of the claim.

Exceptions overruled.

*P. Neumann*, for plaintiff.

*C. Brown*, for defendants.