ESTATE OF JOHN FITZGERALD, DECEASED, v. FIRST NATIONAL BANK OF CHARITON, IOWA.

FILED MARCH 19, 1902. No. 10,783.

Commissioner's opinion, Department No. 2.

1. County Court: CLAIM: JURISDICTION: LIMITATION. The county court has no jurisdiction over a claim against the estate of a decedent which is not filed for allowance until after it has been finally barred by the statute of non-claims.

2. ———: ———: ———: ———: EXTENSION OF TIME FOR FILING CLAIM. When the county court fixes a time for the presentation of claims against an estate and enters an order barring

all claims not then presented, as provided by section 217, chap-
ter 23, Compiled Statutes, such time may be extended on appli-
cation of a belated claimant, provided such application is for
good cause, and is made within six months of the time first
fixed and within two years of the appointment of the commis-
sioners.

3. ——: ——: ——: ——: ——: ERROR: DISTRICT COURT:
APPEAL. Where a claim against a decedent's estate is not pre-
sented before the time first fixed for the presentation of claims,
its allowance afterwards, unless upon special proceedings to
revive the commission and to extend the time for the presenta-
tion of claims, is error, whether in the county court or on
appeal to the district court.

4. Administrator: WAIVER. An administrator can not waive the
defense of non-claim to the prejudice of his estate, either by
agreement with the claimant or by neglecting to plead such
defense.

ERROR from the district court for Lancaster county.
Tried below before HALL, J. *Reversed.* SEDGWICK, J.,
dissenting.

*James Manahan,* for plaintiff in error.

*Charles L. Burr* and *Lionel C. Burr, contra.*

OLDHAM, C.

This action originated on a claim in the nature of a
promissory note, due on demand, for $5,000 and interest,
filed in the probate court of Lancaster county, Nebraska,
by the plaintiff below against the estate of John Fitz-
gerald, deceased. The facts appearing from the record
necessary for a determination of this cause are: That John
Fitzgerald, intestate, died December 30, 1894. On March
14, 1895, Mary Fitzgerald was duly appointed and quali-
fied as administratrix of his estate. On the same day the
county court made and entered an order limiting the time
in which creditors might present claims against the said
estate to six months, and naming June 29, 1895, and Sep-
tember 30, 1895, for examining such claims as might be
presented. On September 30, 1895, the county court made

and entered an order forever barring all claims not then presented against said estate, and this order was not appealed from and has never been vacated, changed or modified. On May 22, 1896, the plaintiff in the court below presented to the county court and filed the claim in dispute against the estate of John Fitzgerald, deceased. On the same day the administratrix indorsed in writing on said claim her motion to have the same stricken from the files on the ground that it was not presented within the time limited by order of the court for presenting claims against said estate. This motion was overruled and on June 19, 1896, the county court ordered the administratrix to file an answer to said claim. On August 24, 1896, the administratrix, in obedience to the order of the court, filed the following answer:

"CLAIM OF THE FIRST NATIONAL
  BANK OF CHARITON, IOWA,

                    V.

THE ESTATE OF JOHN FITZGERALD,
  DECEASED, MARY FITZGERALD,
  ADMINISTRATRIX OF SAID ES-
  TATE.

"Comes now Mary Fitzgerald, as administratrix of the estate of John Fitzgerald, deceased, and for answer to the claim filed herein by the First National Bank of Chariton, Iowa, says: that save and except as hereinafter expressly admitted, she denies each and every allegation made by the said claimant in its complaint and each and every part thereof; she admits that John Fitzgerald, died on the 30th day of December, 1894, and that she is now the duly qualified and acting administratrix of his estate; and she admits further that in May, 1896, Charles Burr, Esq., one of the claimants attorneys presented to her a paper saying it was a note of John Fitzgerald held by the First National Bank of Chariton, Iowa, and that she then and there refused to recognize it as such. Further answering said claim said administratrix states that the

estate of John Fitzgerald is not in any manner indebted to the said claimant and asks that the said claim be disallowed.　　　　　　　MARY FITZGERALD,

*"Administratrix of the Estate of John Fitzgerald.*

"By JAMES MANAHAN, *her Attorney.*"

On a hearing subsequently had on said claim, on March 11, 1897, the claim was allowed and the cause was appealed by the administratrix to the district court of Lancaster county, Nebraska. No order was made by the district court directing an issue to be made between the parties in that court, and the hearing was had on the transcript and pleadings which had been certified from the probate court to the district court. Counsel for plaintiff in error objected to the introduction of the claim in suit for the reason that it had not been presented against the defendant in the county court within the time limited by that court for the presentation of claims against that estate; and for the reason that it had not been presented until long after a judgment of the county court had been rendered forever barring all claims not then presented against said estate; and for the further reason that this claim was not filed in the county court for more than six months after the county court had entered its order forever barring all claims not then filed. These objections were overruled by the district court. The claim was admitted in evidence. Plaintiff had judgment in the court below and defendant brings error to this court.

There are numerous errors alleged against the proceedings in the trial of this cause in the district court in the brief of the plaintiff in error, but in view of the conclusion which we shall reach with reference to the action of the trial court in overruling the objections to the introduction of the claim, it will not be necessary to consider any of the other alleged errors. The trial court overruled the objections of the administratrix to the introduction of the claim on the ground that it was an issue which was not tendered by her answer in the county court. It is the general rule of practice that, when a cause is appealed

from the judgment of the county court or a justice of the peace, the cause must be tried on the issues tendered in the court below, unless the issue tendered above is one which challenges the jurisdiction of the subject-matter of the controversy. The questions then arise: Is a plea of the statute of non-claims one that can be waived by the administrator of an estate? and is it an issue that goes to the jurisdiction of the county court over the subject-matter of the claim? These questions have never been specifically determined by a judgment of this court. The case of *Stichter v. Cox*, 52 Nebr., 532, determined some questions bearing strongly on the point at issue. In that case a claim was presented to the county court after its bar by the statute of non-claims. No pleadings were filed in the county court, but the administrator objected to the claim because of the bar of the statute. The cause was appealed to the district court, and that court directed an issue to be made between the parties. The administrator answered, and tendered the issue of the statute of non-claims. No motion was made to strike this defense from the answer. On error proceedings in this court the claimant sought to raise the question that the statute of non-claims had not been pleaded in the county court. In discussing this question Norval, C. J., said: "More than one answer can be properly made to this contention. There is no provision of statue requiring the administrator to plead in the county court to a claim presented therein against his intestate, except section 221, chapter 23, Compiled Statutes, makes it his duty to exhibit any claim of the decedent in offset to that of the creditor. In this case, however, the administrator did file in the county court formal objections to the allowance of this claim, and in the district court, in his answer, he specially pleaded the statute of limitations. The claimant did not move to strike this defense from the answer, nor did he in any other manner present the question to the trial court that the issues raised by the answer were different from those in the county court, obtain a ruling thereon, and preserve an exception thereto

in the record. This was indispensable to make available here the objection that there was a variance in the issues. *Robertson v. Buffalo County Nat. Bank,* 40 Nebr., 239." While the decision in this case turned on the question of the failure of the claimant to object to the answer filed by the administrator in the district court, yet it says that "more than one answer can be properly made to this contention," and it also says that the administrator was not required to file any answer in the probate court, and by inference it says that his objection to the claim in the county court was sufficient to raise the issue of the statute of non-claims.

Turning now to the sections of the statute providing for the payment of debts and legacies of deceased persons, and particularly to those sections that provide for the presentation and allowance of matured and absolute claims, to which class the claim in suit belongs, we find that sections 217-219, chapter 23, Compiled Statutes of 1901, provide as follows:

"Sec. 217. The probate court shall allow such time as the circumstances of the case shall require for the creditors to present their claims to the commissioners for examination and allowance, which time shall not, in the first instance, exceed eighteen months, nor be less than six months, and the time allowed shall be stated in the commission.

"Sec. 218. The probate court may extend the time allowed to creditors to present their claims, as the circumstances of the case may require; but not so that the whole time shall exceed two years from the time of appointing such commissioners.

"Sec. 219. On the application of a creditor who has failed to present his claim, if made within six months from the time previously limited, the court may, for good cause shown, renew the commission, and allow further time, not exceeding three months, for the commissioners to examine such claims, in which case the commissioners shall personally notify the parties of the time and place of hearing,

and, as soon as may be, make return of their doings to the probate court."

These sections are. followed by sections 221 and 226, which provide as follows:

"Sec. 221. When a creditor against whom the deceased has had claims shall present a claim to the commissioners, the executor or administrator shall exhibit the claim of the deceased in off-set to the claims of the creditor, and the commissioners shall ascertain and allow the balance against or in favor of the estate, as they shall find the same to be, but no claim barred by the statute of limitation shall be allowed by the commissioners in favor of or against the estate as a set-off or otherwise."

This section prohibits the commissioners or the county judge from allowing any claim that is barred by the statute of limitation.

"Sec. 226. Every person having a claim against a deceased person whether due or to grow due, whether absolute or contingent, who shall not, after giving of notice as required in section 214 of this chapter, exhibit his said claim or demand to the judge or commissioners, within the time limited by the court for, that purpose, shall be forever barred from recovering on such claim or demand or from setting off the same in any action whatever," etc.

An examination of the sections of the statute above quoted reveals the fact that, after claims against an estate have been barred by the order of the county court at the time first fixed, it is still left within the power of the county court, by section 218, *supra*, to extend the time to present claims against the estate to a time not to exceed two years from the appointment of the commissioners. This section of the statute plainly contemplates a general order made by the county judge, in his sound discretion, to apply alike to all claimants who have failed to present their claims at the time first fixed. This section is followed by section 219, *supra*, which provides the manner in which a single claimant may secure a special order for the extension of the time of the presentation of his particular

claim, and the provision is that this order may be made "on the application of a creditor who has failed to present his claim, if made within six months from the time previously limited," etc.

Now, in the case at bar, it clearly appears from the record that no application has ever been made to the county court to extend the time first allowed by that court for presenting claims; and even if we should construe the mere filing of the claim into an application for an extension of time for presenting claims, which we can not do, it yet clearly appears that the claim was not presented until nearly eight months after the time first fixed for the final presentation of claims. In the case of *Sleeper v. Estate of Gould,* 53 Vt., 111, it was held that, to give any effectiveness whatever to the plain reading of a statute similar to our own, the application for an extension of time must be made within six months of the time first fixed. In the case of *McGee v. Atkinson,* 33 N. W. Rep. [Mich.], 737, it is held that the probate court would have no jurisdiction of a claim presented after the time fixed for presenting claims, where no proceedings had been taken to have the time of presentation extended. In discussing the question of the defense of non-claim, Rice, in his work on American Probate Law (sec. 8, p. 358), says: "The principle referred to is, in practical effect, a statute of limitation, having at the same time no affinities with the general statutes of limitation. According to these enactments, claimants who neglect to exhibit their demands against the estate within a set period mentioned, are forever barred, and courts should, of their own motion, insist upon this defense where it is apparent the administrator has neglected it."

In the settlement of an estate an administrator is merely the agent and trustee of the decedent and possesses only such powers as are given him by statute, and he must discharge his trust subject to all limitations prescribed by statute. It is uniformly held that an administrator has no authority to waive the statute of non-claim, either by failing to plead it or by consenting to the filing of a claim

after its bar; and the same rule applies with reference to the general statute of limitations in all states which, like our own, prohibit the allowance of claims barred by such statutes. *O'Keefe v. Foster,* 5 Wyo., 343, 40 Pac. Rep., 527; *Voorman v. Li Po Tai,* 45 Pac. Rep. [Cal.], 470; *Rockport v. Walden,* 54 N. H., 167, 20 Am. Rep., 131; *Ames v. Jackson,* 115 Mass., 508; *Collamore v. Wilder,* 19 Kan., 67; *Miner v. Aylesworth,* 18 Fed. Rep., 199; *Bush v. Adams,* 22 Fla., 177. We are aware of the fact that the conclusions which we are about to reach appear to be somewhat at variance with the doctrine announced by the supreme court of Wisconsin in the case of *Tredway v. Allen,* 20 Wis., 500, in the construction of a statute substantially the same as our own. The issues in that case arose on a claim that was presented for allowance more than six months after the time first fixed, and less than two years from the time of the appointment of the commissioners, but it differs from the facts in issue in the case at bar in that an application was made to the probate court for an extension of time, and that this application was granted over the objection of the administrator, before the claim was filed. No appeal appears to have been taken from the order of the probate court allowing the claim, but an appeal was taken from the order of distribution made by the probate judge directing the payment of the claim. On the appeal from this order of distribution the supreme court found against the administrator, and in rendering the opinion said: "We are inclined to hold that this was merely an irregular or erroneous exercise of power on the part of the county court, and did not go to the question of jurisdiction. For, as already observed, when the respondent made his application to have his claim allowed, the county court, under section 6, has an undoubted right to extend the time for all creditors of the estate to come in and present their claims. The two years did not expire until the 29th of September, 1862. But, although the court assumed to proceed under section 7, and only extended the time as to the respondent, yet, at

most, we think this was but error. Such being the case, that part of the order of distribution appealed from must be affirmed." While our statute, as above stated, is substantially the same as the statute construed in the cause just cited, it is also a substantial copy of the statute of the state of Vermont, and the construction that we are inclined to give this statute seems to be fairly sustained by the supreme court of the state of Vermont in the case of *Sleeper v. Estate of Gould, supra,* and also to be sustained strongly by the supreme court of Michigan in the case of *McGee v. Atkinson, supra.* Again, we notice that the supreme court of Wisconsin, in the later case of *Carpenter v. Murphy,* 15 N. W. Rep., 800, refers with approval to the construction of these statutes by the supreme court of Vermont. It is an elementary rule of statutory construction that, if possible, a statute should be so construed as to give full force and effect to each and all of its provisions. The construction we favor gives full force and effect to all the provisions of both sections 218 and 219, *supra,* and is in full harmony with this rule, while the construction of the statute which is intimated in *Tredway v. Allen, supra,* practically nullifies the provisions of section 219. Even if *Tredway v. Allen, supra,* contained a proper construction of the statute, and the action of the county court in allowing the claim to be filed was erroneous, and not void, as that case holds, we still think the defense of nonclaim should have been permitted by the district court, because if this defense existed the administratrix had no right to waive it.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

POUND, C., dissenting.

I am unable to agree in the conclusions reached in the opinion of my Brother OLDHAM. To my mind the con-

struction given to the sections of the statute quoted is required neither by the terms of the statute itself nor by the authorities cited. Section 214, chapter 23, Compiled Statutes, provides that ordinarily claims against an estate shall be presented to and ruled upon by the county judge, but that if the parties interested, or one of them, so demand, commissioners are to be appointed to examine and pass on such claims. Thus there are two methods of examining claims,—one by the court itself and one by commissioners appointed for that purpose; and this fact must be borne in mind in arriving at the meaning of the subsequent sections. Section 217 fixes the time to be appointed in the first instance for the presentation of claims. Section 218 confers upon the county court a general power to extend the time allowed for presentation of claims, as the circumstances of the case may require, subject to the limitation that the whole time shall not exceed two years. Section 219 provides for applications to renew the commission and allow further time for the commissioners to consider claims, and limits applications for such renewal to six months from the time originally limited. Section 220 permits the county judge to pass on claims in such cases in person, instead of renewing the commission. The question comes to this: Is section 219 a limitation upon section 218, so that no action may be had by the court under the former unless application is made therefor within the time limited by the latter, or are they independent, and do they refer to distinct proceedings intended to be governed by different rules? I am constrained to the latter conclusion both by the language of the sections themselves and by the context. The one refers in terms to a general extension of the time within which claims may be filed, and limits the period of such extension to two years from the time when claims were originally allowed to be presented. The other refers in terms to the renewal of the commission provided for in the latter part of section 214, and contains different limitations, namely, that application for such renewal must be made within six months from the time orig-

inally limited, and that the time allowed shall not exceed three months. Under such circumstances, the proper construction, in my view, is that section 218, and not section 219, applies where there is no commission, and that the court has power to extend the time for filing claims at any time, "as the circumstances of the case may require," subject to the limitation of time of section 218, at least where no commission has been demanded or appointed. I am unable to see that the cases of *Sleeper v. Estate of Gould,* 53 Vt., 111, and *McGee v. McDonald's Estate,** 66 Mich., 628, 33 N. W. Rep., 737, militate against this view. In *Sleeper v. Estate of Gould,* commissioners had been named and had reported. Application was made to renew the commission more than six months after the time originally limited. The court had before it only the section corresponding to our section 219, and said, very properly, that the "unmistakable language of the statute" required an application for renewal of the commission to be within the six months. The language quoted by my Brother OLDHAM is used with reference to a contention of counsel bearing upon that section alone, and does not refer to any questions upon the construction of such a section as our section 218. *McGee v. McDonald's Estate* was also a case where commissioners had been appointed, and a claimant who had not presented his claim to them sought to have his claim allowed by the court after they had reported, without proceeding to obtain a renewal of the commission. It is obvious that, if such a course were permitted, the provisions giving any one interested the right to have commissioners appointed could be evaded by mere inaction till after report. Such an evasion could not be tolerated. The right course, where a commission has been demanded and appointed, is to apply for a renewal thereof. Thereupon the court may in its discretion renew the commission or itself pass upon the claim. But in the case at bar there is nothing to show that there was any commission. Hence,

* This case appears in 66 Mich. by the title cited in the text, and in 33 N. W. Rep. by the title cited on page 267.—REPORTER.

the provisions of section 219 as to the time within which application to renew a commission shall be made were inapplicable. The case is one falling under section 218, and only the limitation therein provided is to be considered. This position has the support of *Tredway v. Allen,* 20 Wis., *476. The statute there passed upon is substantially the same as our own, and sections 6 and 7 thereof correspond to our sections 218 and 219. The court held that where application was made more than the six months after the period originally fixed, which was the limitation in section 7, the probate judge might extend the time under section 6, not exceeding the limitation therein provided. If this construction is correct, the error of the county court in the case at bar in allowing the claim to be filed, and over-ruling a motion to strike it from the files, on the ground that it was not filed in time, instead of first entering a general order of extension, and then permitting this specific claim to be filed thereunder, was formal only. The county judge had the power to do what he did. He merely exercised an undoubted power in an informal and irregular manner. How far error might have been taken from such proceedings we need not inquire. When the estate proceeded to try the merits of the claim without raising this informality, it certainly waived it. Administrators can not waive the statute of limitations nor the statute of nonclaim. But they may waive technical errors and informalities. Administrators, receivers and like officers of the courts do not, by reason of their official or fiduciary relations, occupy any vantage ground as litigants. *Arnold v. Weimer,* 40 Nebr., 216. This very situation was before the court in *Tredway v. Allen, supra,* and what has just been said is in full accord with the decision in that case. Our attention has been called to no other authority which proceeds upon such a provision as our section 218. It is sound in principle, gives entire effect to every provision of the statute, and in my opinion ought to be adhered to.

Under the view I take of the jurisdiction of the county court, it becomes necessary to consider certain errors al-

leged to have taken place at the trial had on appeal to the district court, to which the opinion of my Brother OLDHAM properly makes no reference. The estate denied the genuineness of the note sued on. The claimant, upon this issue, introduced evidence tending to show that it was given in the course of a transaction between the claimant and the decedent in which Mr. T. M. Marquett, an attorney at law, represented both parties. The claimant bank was located at Chariton, in Iowa, and the decedent lived in Lincoln, Nebraska. Mr. Marquett lived at Lincoln, also. The testimony tended to show that the decedent had executed a note to claimant which had matured, and that in order to keep its assets in proper condition it sent the note in a letter to Mr. Marquett and asked him to get a renewal. Mr. Marquett died before this case was begun, but his letters to the bank, in which he acknowledged receipt of the request to procure a renewal and promised to do so, and afterwards enclosed a renewal note with a statement that he had procured it as requested, were offered by the claimant. There is testimony to show, and the claimant contended, that the renewal note referred to is the note in suit. In my opinion, these letters were admissible. The circumstances surrounding the execution of the note were highly important upon the issue as to its genuineness, and as the negotiations were carried on by conversations and letters, had the conversations and letters passed directly between the parties thereto, there could be no question. In this case the parties did not communicate directly, but through an attorney who acted for each. Hence their letters or statements to him are clearly admissible. *Boyden v. Burke,* 14 How. [U. S.], 575. There, in an action against a public officer for refusing to give copies of documents in his office, letters from the plaintiff to a person through whom his application was made were held admissible as part of the *res gestœ.* The court said that, in substance, it was "a conversation between the parties reduced to writing." See, also, *Roberts v. Woven Wire Mattress Co.,* 46 Md., 374; *May v. Brownell,* 3 Vt., 463. On this ground the

22

Estate of Fitzgerald v. First Nat. Bank of Chariton.

letter to Mr. Marquett was admissible. The letters written by Mr. Marquett to the bank were equally a part of the transaction, and were also admissible on another ground. He was an attorney at law, and wrote the letters in the course of his employment as such, as a statement to his client of what he had done in the latter's business. It was his duty to apprise his client that he had carried out his instructions, and he wrote the letter for that purpose. He was dead when this litigation arose. A letter may be a memorandum as much as any other form of writing, and a lawyer's letter to his client is often the only entry which he makes of the acts performed in the course of his business." As a general proposition, memoranda made by a person who is dead, whose duty it was, in the course of business he had undertaken, to do the acts and to make the memoranda of them, are competent evidence to show that such acts were done." *Welsh v. Barrett*, 15 Mass., 380; *Bank of United States v. Davis*, 4 Cranch C. C. [U. S.], 533; *Doe v. Turford*, 3 Barn. & Adol. [Eng.], 898. In *Elsworth v. Muldoon*, 15 Abb. Pr., n. s. [N. Y.], 440, memoranda of a deceased attorney, upon a receipt of a sheriff who had sold land, that he had redeemed the land and taken the receipt for the debtor, were held admissible to prove the redemption. It was as much the duty of Mr. Marquett to write the letter in question as of the several parties who made the memoranda involved in the cases cited to write down what they did. In my opinion, the rulings of the trial court were right.

It is also contended that the verdict is contrary to the evidence; but there appears to be ample evidence to sustain it, and good ground for believing that it is right.

I therefore recommend that the judgment of the district court be affirmed.

SEDGWICK, J., dissenting.

I think that the right construction of the statute is expressed in the opinion of Mr. Commissioner POUND. The county court is a court of record, and has general jurisdic-

tion in the matter of the settlement of estates. Its juris-
diction to adjust claims against an estate is limited by
section 218 to two years. Within that time, by express pro-
vision of the statute, it has jurisdiction of the subject-
matter of the adjustment of such claims. The statute
provides that the two years shall run "from the time of ap-
pointing such commissioners," and there is no express lim-
itation of the time for allowing claims by the court when
no commissioners are appointed; but I do not think that
this defect renders necessary the result suggested in the
opinion adopted by the court. The statute provides that
it shall be the duty of the judge "to receive, examine, ad-
just and allow all claims and demands of all persons
against the estate," if no commissioners are appointed. By
a fair construction of the statute, section 218 should be
held to prescribe the time in which he shall have jurisdic-
tion to do so when no commissioners are appointed, as well
as in cases where they are appointed. He must give the
same notice of the limitation of time for filing claims as
the commissioners are to give, and the two years prescribed
within which he shall have jurisdiction to act upon claims
must begin to run not later than the giving of this notice.
In cases where no commissioners are appointed we are not
compelled to say, either that the judge shall have no time
at all in which to act upon claims, or that the time is un-
limited. The statute then gives him two years and leaves
it to his discretion whether he will hear claims after the
time first limited. This discretion is a necessary one. It
is not the policy of the law to unnecessarily prolong the
settlement of estates, nor by technical restrictions to de-
feat just claims, fairly presented, without fault or neglect
on the part of the claimant. When this claim was filed the
court still had jurisdiction of the subject-matter. The
question whether it should be allowed to be filed was pre-
sented to the court by a motion to strike it from the files
because presented after the time first limited, and this was
passed upon by the court. By its ruling the court decided
to allow the presentation of the claim. The court being a

court of general jurisdiction, there can be no doubt of its authority to require issues to be made up, and, when a claim of over $5,000 is resisted, it seems proper that the court should require the administrator to plead the grounds upon which the claim is. to be contested. This was done in this case. The answer filed by the administrator clearly waives any supposed irregularities in the proceedings by which the claim was brought into court. Having tried the cause upon the issues so presented, and suffered defeat, it seems clear that the administrator ought not to be allowed to appeal to another court, and there present other and different technical defenses.