*W. W. Thayer* for plaintiffs.

*W. C. Achi* for defendant.

---

## JOHN S. CHANDLER *v.* E. A. MOTT-SMITH, SECRE-TARY OF THE TERRITORY OF HAWAII.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 15, 1908.          DECIDED OCTOBER 19, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

ELECTIONS—*time for filing nomination certificate.*

>The statute providing that nomination papers must be filed not less than thirty days before the day of election, the fact that the thirtieth day before fell on Sunday does not entitle the candidate to file the same on the following Monday.

ELECTIONS—*validity of statute prescribing time for filing nomination certificate.*

>R. L., Sec. 31, prescribing the time within which nomination certificates must be filed, is not in conflict with the Organic Act, and is valid.

### OPINION OF THE COURT BY WILDER, J.

This is an application by John S. Chandler for a writ of mandamus to compel the secretary of the Territory to receive

his nomination certificate as a candidate for senator from the fourth senatorial district, and to place his name upon the official ballot to be used at the coming general election. The nomination certificate was placed in the registered mail on Kauai on October 3, 1908, addressed to one John Emmeluth, and arrived at the postoffice in Honolulu on Sunday morning, October 4. It was tendered to the secretary on the morning of October 5, 1908, and was refused on the ground that it was not presented within the time prescribed by the statute. The secretary also refused for the same reason to place petitioner's name upon the official ballot. The postoffice regulations prohibit the delivery of registered mail in Honolulu on Sunday and Emmeluth did not get the package from the postoffice until the following day when the tender was made. The case was heard upon petition and answer, and, there being no facts in dispute, the following questions were reserved by the circuit court, namely:

"First: Is Section 31 of Chapter 7, Revised Laws of Hawaii, in conflict with Sections 60 and 62 of an Act of Congress entitled 'An Act to provide a Government for the Territory of Hawaii,' and unconstitutional and void?

"Second: Is Section 31, Chapter 7, Revised Laws of Hawaii, or so much of said section as provides that 'Such nomination shall, except as hereinafter provided, be deposited with the Secretary of the Territory not less than thirty days before the day of a general election' mandatory or directory?

"Third: Should nomination papers accompanied by a deposit of twenty-five dollars, deposited with the Secretary of the Territory, on the morning of the 5th day of October, 1908, the 4th day of October, 1908, being Sunday, be received by him and the candidate's name placed upon the official ballot to be used at a general election to take place on the 3rd day of November, 1908, said candidate being from a district other than on the Island of Oahu?

"Fourth: Should the Writ of Mandamus be issued as prayed?"

1. The material part of the statute involved (R. L. Section 31), so far as this case is concerned, is as follows:

"No person shall be permitted to stand as a candidate for election to the legislature unless he shall be nominated and so requested in writing, signed by not less than twenty-five duly qualified electors of the district in which an election is ordered, and in which he is requested to be a candidate. Such nomination shall * * * be deposited with the secretary of the Territory not less than thirty days before the day of a general election."

The petitioner claims that the section is void as being in conflict with sections 60 and 62 of the Organic Act in regard to the qualifications of voters for representatives and senators. There is no merit in this claim for the reason that the subject of the qualifications of voters for senators and representatives is an entirely different matter from a provision regulating the filing of nomination papers by candidates to be voted for. If the petitioner intended to claim that this section is in conflict with sections 34 and 40 of the Organic Act, which provide what is necessary in order for persons to be eligible for election as senators and representatives, that contention is also untenable for the reason that section 31 R. L., formerly section 56 of the rules and regulations for administering oaths and holding elections, Civil Laws 1897, p. 804, was specifically amended in several particulars and continued in force by section 64 of the Organic Act, and in any event there is no conflict between the general provisions of sections 34 and 40 of the Organic Act and the particular procedure required by R. L. Sec. 31. The first reserved question is answered in the negative.

2. In *Harris v. Cooper*, 14 Haw. 145, it was held that that part of section 31 R. L. requiring the filing of a nomination certificate with the secretary within a prescribed time is mandatory. We see no reason to re-examine that question at this time, and consequently the second reserved question is answered

by holding that that part of the section referred to is mandatory.

3.   In 8 Haw. 602, the justices of this court stated as their opinion that, in computing time under a law which required that a request be filed not less than fourteen days before the day of election, the day on which the request was filed is to be counted as the first of the fourteen days and the day of election excluded.   Applying that rule to the case at bar, it follows that the nomination certificate, if filed on Monday, October 5, would only leave twenty-nine days before November 3, the day of election, and consequently too late according to the time prescribed by the statute.   But petitioner contends that, because the last day during which papers could be filed according to that rule was October 4 and a Sunday, it should be excluded and relies in support of that contention on R. L. section 1769, which provides that "The time within which an act is to be done, as provided in any part of this chapter, shall be computed by excluding the first day and including the last.   If the last day be Sunday, it shall be excluded."   The chapter referred to, however, relates solely to civil procedure in courts of record.   Section 1769 does not in terms cover the matter of election regulations, and the Organic Act in expressly continuing in force those regulations as amended does not even by implication indicate that that section should cover them.   The general rule is stated in *Schefer v. Magone,* 47 Fed. 872, to be that "the weight of authority upon this question seems to be that in computing the time within which an act required by any statute must be done, if the last day falls on a Sunday, it cannot be excluded and the act done on the following Monday, unless there is some statute providing that the Sunday should be excluded from the computation."   The section in question being contrary to the general rule cannot be extended to cases to which it does not refer and which it was not intended to cover.   In *State v. Falley,* 9 N. D. 464, and *Griffin v. Dingley,*

114 Cal. 481, under statutes requiring nomination certificates to be filed not less than thirty days before election, it was held that the fact that the thirtieth day before election fell on Sunday did not entitle the candidate to file nomination papers on the following Monday, and in each of those cases there was, as here, a special statute providing that as to certain other matters if the last day be Sunday it should be excluded. The North Dakota case also holds that the time limit "has been held mandatory by every court that has ever passed upon a similar statute so far as we can ascertain." The third reserved question is answered in the negative, which requires a similar ruling as to the fourth question.

At the oral argument the petitioner also urged that even if he had tendered the nomination papers on Sunday, October 4, it would have been useless as the office of the secretary was closed on that day, and the secretary had previously given notice by proclamation that he would not receive nomination certificates after the midnight previous and that other nominations were as a matter of fact tendered on Sunday and refused by the secretary. From these facts he argues that he is in the same position as if he had actually tendered the papers on Sunday. Even if these matters appeared on the record, as they do not, still by petitioner's own showing he did not rely in any manner upon the secretary's construction of the statute, but was unable to make the tender on Sunday, and consequently was not prevented from making it or otherwise prejudiced by anything that the secretary did. All we can say is that if the nomination had been tendered on Sunday, October 4, it would have been within the time prescribed by the statute.

Accordingly the first, third and fourth reserved questions are answered in the negative and the second by holding that the statute is mandatory.

*W. S. Edings* for petitioner.

*W. L. Whitney, Deputy Attorney General,* for respondent.