Syllabus.

# WILBUR M. KENNEDY v. MARY L. SNIFFEN, ADMINISTRATRIX OF THE ESTATE OF HENRY KAMANA SNIFFEN.

## No. 881.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED JANUARY 12, 1916.                    DECIDED JANUARY 15, 1916.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE WHITNEY, IN PLACE OF QUARLES, J., ABSENT.

PARENT AND CHILD—*liability of adoptive father for support of abandoned child.*

An adoptive father who has abandoned his child may be held liable upon an implied contract to one who has furnished the child with necessary support, for the value thereof not in excess of what is reasonable considering the child's station in life.

EXECUTORS AND ADMINISTRATORS—*statute of non-claim—waiver.*

The statute of non-claim constitutes a special regulation of probate law; it cannot be waived; and need not be specially pleaded.

APPEAL AND ERROR—*necessity of raising question in trial court—exception to rule.*

In a jury-waived case against an administratrix, under a general exception to the decision, the defendant may raise for the first time in the supreme court a point that she could not have waived, namely, that the plaintiff had failed to prove that the claim sued on had been rejected and action thereon commenced within two months as required by statute.

OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiff brought an action in the circuit court against the defendant as administratrix of the estate of her deceased husband, Sniffen, claiming the sum of

$1290.80, being at the rate of $25 per month, for the support of the adopted minor daughter of the decedent, who, it was alleged, had been abandoned by the adoptive father. There were two counts in the plaintiff's complaint, the second of which alleged an express contract between the plaintiff and the decedent for the support of the child, but the allegation was not sustained by proof. In the first count it was alleged that the child was adopted by Sniffen and his then wife on the 21st day of April, 1899, and that by the articles of adoption the adoptive parents agreed to clothe, maintain, educate and provide for the child in every respect as becomes the duty of a parent, but that on or about the 24th day of August, 1909, the adoptive mother having died, the decedent abandoned the child, refused to permit her to live in his home, and refused to otherwise provide her with board, lodging, clothing or education, whereby plaintiff was compelled to and did take the child into his own home and support her, the reasonable value of the board, lodging, clothing, care and maintenance so furnished by him being the sum of twenty-five dollars per month. The decedent died on December 13, 1913.

The circuit court, jury waived, held that the plaintiff was entitled to recover and gave judgment for the amount claimed. The court intimated that the amount of the claim was excessive, but felt constrained, in the absence of any contrary evidence, to hold as it did. The decision cannot be said to be unsupported by the evidence. The only exceptions relied on by the defendant are those going to the denial of a motion for nonsuit, and to the decision and judgment. The motion for a nonsuit was based upon the ground that no contractual relation had been shown to exist between the plaintiff and the decedent. It is contended that the evidence not only failed to show an express contract under the second count of the complaint, but did

not tend to prove any facts to sustain a finding of an implied contract under the first count. There was testimony to the effect that the child was a natural one and had been given in adoption when about nine months old by the mother who afterwards became the wife of the plaintiff; that on the 24th day of August, 1909, the child then being about eleven years old, the adoptive father having married another wife, he sent the child back to her mother and told the mother, in effect, that if she would take the child he would pay for her support, and this being agreed upon the child was taken to live at the home of the plaintiff and his wife; that almost immediately thereafter the decedent repudiated the understanding and informed Mrs. Kennedy that he would have nothing more to do with the child, and he refused to contribute to her support; and that the child has since been cared for and supported by the plaintiff. The allegation of the complaint that the decedent had abandoned the child was therefore substantially proven.

Section 1288 of the Civil Code of 1859 (now R. L. 1915, Sec. 2993) provided that "The children of a valid marriage shall be denominated legitimate, and the husband of said marriage shall be liable for their support in all respects, until they severally attain the age of majority, when his liability shall cease for further provision." Such was the obligation assumed by Sniffen when he adopted the child in question, "for by the very terms of the agreement this obligation would be cast on the adopting parent." *Mokuhia* v. *McCandless,* 5 Haw. 370. "That it is the duty of parents to support and maintain their children is well established; and although there has been some difference of opinion as to whether in the absence of statute, there is a legal or merely a moral obligation, the better view undoubtedly is that the obligation is a legal one. At the present time the duty is very generally

expressly imposed by statute, and under such statute is necessarily a legal one." 29 Cyc. 1605, 1606. And, "It is a necessary consequence of the duty to support the child that the parent may in a proper case be held liable for necessaries furnished to the child by a third person; but in order to hold the parent liable there must be either an express promise to pay or circumstances from which a promise can be implied, some clear and palpable omission of duty on the part of the parent in not furnishing necessaries to the child or some special exigency rendering the interference of such person reasonable and proper." Id. 1608, 1609. In the case at bar the evidence disclosed a clear neglect on the part of the decedent in refusing further to support the child and virtually abandoning her, which gave the plaintiff who did furnish the support a right of action upon the promise of the decedent, implied by law, to pay therefor. The defendant's motion for a nonsuit was properly denied. Board, lodging, clothing and the expenses incidental to the education of the child were necessaries, and for the value thereof, not in excess of what was reasonable for the child considering her station in life, a claim could be made against the estate, and though the amount of the claim in this case would seem to be rather large, the trial court, as above stated, felt obliged upon the evidence adduced to award the whole sum, and the amount of the award is not now the subject of review. There was testimony in the case tending to show that for a period of apparently some months prior to the death of Sniffen the child was in a boarding school at the expense of some charitable society, during which time the plaintiff was at expense for clothing only, but no point in that connection has been raised under the exceptions.

Under the exceptions to the decision and judgment counsel for the defendant raise the point that the plaintiff

failed to prove that he had presented his claim to the administratrix within six months from the date of the notice to creditors, and that the claim had been rejected and action brought thereon within two months thereafter as required by statute. R. L. 1915, Secs. 2493, 2495. The record does not show that this point was raised in the court below, and it is admitted that it was not raised there. Counsel for the plaintiff contends that the point may not be raised for the first time in this court. The defendant made no motion for judgment, nor for a new trial, and the exception to the decision was a general one. In *McCandless* v. *Honolulu Plantation Co.,* 19 Haw. 239, 242, quoted with approval in *Ripley & Davis* v. *Kapiolani Estate,* 22 Haw. 507, 509, it was held that such an exception in a jury-waived case is too general to bring to this court a question of law which has not been called to the attention of the court below. This is in accordance with the well settled general rule that questions not properly reserved for review in the trial court will not be noticed on appeal. See 3 C. J. 689. There are some exceptions to the rule, one being that since the reason for the rule is to give an opportunity to avoid the effect of an objection, the rule does not apply where that could not have been done even though the point had seasonably been raised. 3 C. J. 740. In *Territory* v. *Puahi,* 18 Haw. 649, 655, the court noted that certain evidence could readily have been supplied had the objection been raised at the trial. New points, within the scope of the exception, may be presented. In *Kalaeokekoi* v. *Wailuku Sug. Co.,* 18 Haw. 380, 385, the appellant, at the suggestion of the court, urged a new ground in support of his exception to the granting of a nonsuit. And in *Godfrey* v. *Rowland,* 17 Haw. 577, 585, the appellee was permitted to present a new ground in support of the judgment, the opposite party not having been misled at the trial by reason of the omission to there assert the point.

In the case at bar the plaintiff was not induced to withhold evidence because of the conduct of the defendant, and it does not clearly appear whether the plaintiff was able to prove that the claim was duly presented to the administratrix and that the action was brought upon its rejection within the time allowed by the statute. If the plaintiff is able to make the proof he will have an opportunity to do so upon another trial, while if he is unable to do so he is not entitled to recover, and ought not to complain at the reversal of the judgment. The rule as to the necessity of raising a question in the trial court cannot well be applied where the point is one which the party may not waive. Such is the case here. That the claim was rejected and action thereon commenced within two months were material facts to be alleged and proved in order to establish the plaintiff's right to recover. The defendant's omission to demur to the complaint because of the lack of such allegations did not do away with the necessity of the plaintff's proving the facts. In the case of *Defries* v. *Cartwright,* 10 Haw. 249, it was held that the statute of non-claim constitutes a special regulation of probate law which imposes the loss of the claim if the party fails to sue on it within the time prescribed; that the defendant need not specially plead it as a statute of limitation; and that it is a matter which the executor or administrator cannot waive. See to the same effect, *Whitmire* v. *Powell,* 117 S. W. (Tex.) 433; *Carney* v. *Hawkins,* 83 Atl. (R. I.) 327; *Nagle* v. *Ball,* 13 So. (Miss.) 929; *Fitzgerald* v. *Bank,* 64 Neb. 260. We hold that as the administratrix could not waive the point she should be permitted to raise it in this court for the first time under her general exception to the decision. We further hold that the point is well taken and that the exception must be sustained.

A new trial is granted and the case is remanded to the circuit court.

*Lorrin Andrews* for plaintiff.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for defendant.