[No. 902.]

## STATE OF NEVADA, EX REL. R. E. ARICK, RESPONDENT, *v.* JOHN C. HAMPTON, TREASURER OF VIRGINIA CITY, APPELLANT.

LEGISLATURE CANNOT EXERCISE JUDICIAL POWERS—CLAIMS AGAINST MUNICIPAL CORPORATIONS.—In construing the provisions of the act providing for the payment of outstanding indebtedness of Virginia City (Stat. 1844, 5, 325): *Held*, that said act, in so far as it undertakes to definitely fix the amount due to the persons therein named, is an attempt upon the part of the legislature to exercise judicial powers, and is repugnant to section 1 of article III of the state constitution.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*S. P. Scaniker*, City Attorney of Virginia, for Appellant.

I. The proviso in the act evidently governs the whole act relative to Arick's claim, that he must surrender or offer to surrender his evidence of indebtedness, etc., before he could get his demand.   (Potter's Dwarris on Stat. & Const. p. 118, notes; *Minis* v. *U. S.*, 15 Peters, 423; *Voorhees* v. *Bank of U. S.*, 10 Id. 471.)   The legislature cannot make contracts for municipal corporations.   (1 Dill. sec. 43; *Mayor and City Council of Baltimore* v. *Horn et al.*, 30 Md. 218; 33 Penn. St. 495; *McDaniel* v. *Correll*, 19 Ill. 226; *Reiser* v. *Tell Savings Fund*, 39 Penn. St. 144.)

*R. H. Taylor*, for Respondent.

I. The legislature had authority to pass the act of January 27, 1865.   (Stat. 1864–65, 121, and that of March 9, 1865; Stat. 1864–65, 325; *United States* v. *R. R. Co.*, 17 Wall. 329; *Police Jury* v. *Shreveport*, 5 Lou. An. 661; *Gutzweller* v. *People*, 14 Ill. 142; *County* v. *State*, 11 Id. 202; *Dennis* v. *Maynard*, 15 Id. 477; *Town of Guilford* v. *Sup. Chen. Co.*, 13 N. Y. 143; *Brewster* v. *City of Syracuse*, 19 Id. 116; *Darlington* v. *Mayer*, 31 Id. 190, 203; *State ex rel. St. Louis Police Comm.* v. *St. Louis County Court*, 34 Mo.

546; 1 Dillon Mun. Corp., sec. 47; *Blanding* v. *Burr*, 13 Cal. 343.)

II. The claim of respondent is ascertained and definitely fixed by the act of March 9, 1865, and the payment thereof by the city treasurer, being a purely ministerial act, he can be compelled by *mandamus* to perform it. (Moses on Mand., 142, 208; *Case* v. *Wresler*, 4 Ohio St. 561; *State* v. *Lynch*, 8 Id. 347; *State* v. *Slaven*, 11 Wis. 153; High Ex. Leg. Rem., secs. 36, 104, 111, 112, 115, 116.)

By the Court, HAWLEY, C. J.:

The district court, upon the petition of respondent, issued a writ of *mandamus* to compel the appellant to pay respondent the sum of three hundred dollars, with interest, as provided in the act of the legislature approved March 9, 1865.   (Stat. 1864–65, 325.)

It is argued by appellant that the court erred in refusing to sustain a demurrer interposed upon the ground that the petition did not state facts sufficient to constitute a cause of action.

The act of the legislature, after authorizing the treasurer to set apart certain moneys as a special fund and out of said fund to pay the indebtedness therein described (including the claim of respondent) provides: "that all the evidences of indebtedness held therefor, together with all warrants or other legal evidences of indebtedness, held as collateral security for the payment of the same, shall be surrendered to the city treasurer at the time of the payment thereof."

The petition is defective in failing to state that this provision of the law was complied with.

The respondent contends that his claim is ascertained and definitely fixed by the act in question and that it was the duty of the city treasurer to pay over the money whenever there was a sufficient amount in the special fund to pay the same without having the amount thereof ascertained by the courts, or by the municipal authorities of Virginia city. "The cases on this subject," says Dillon, "when carefully examined, go no further probably, than to assert the doctrine that it is competent for the legislature to compel

municipal corporations to recognize and pay debts not
binding in law, and which, for technical reasons, could not
be enforced in equity, but which, nevertheless, are just and
equitable in their character, and involve a moral obliga-
tion." (1 Dillon on Municipal Corporations, sec. 44, and
authorities there cited.)

*Dennis* v. *Maynard*, 15 Ill. 477, is the only authority cited
by respondent that goes to the extent that the legislature
may ascertain and definitely fix the amount due and compel
the municipal corporation to pay the same. In that case
the money raised by taxation was to be applied to a public
object, and several authorities hold that in cases where the
public interests are alone involved the power of the legisla-
ture is greater than in cases which only concern private
interests. It is unnecessary in this case to decide whether
such a distinction is founded upon any substantial reason.

In *The People* v. *The Mayor of Chicago*, 51 Ill. 30, it was
held that the legislature could not compel a municipal cor-
poration, against its will, to incur a debt by the issue of its
bonds for any local improvement.

By an examination of the authorities, which are quite
numerous, it will be observed that in the discussion of this
and kindred questions the courts are not entirely harmoni-
ous. We are, however, satisfied that in a case like the one
under consideration, where only private interests are
involved, it may be considered as settled, by the weight of
authority, that the legislature cannot adjudicate upon dis-
puted claims.

Cooley, after stating the general rule substantially as
quoted from Dillon, and declaring that the legislature has
no power, against the will of a municipal corporation, to
compel it to contract debts for local purposes in which the
state has no concern, says:

"And there is much good reason for assenting also to
what several respectable authorities have held, that where a
demand is asserted against a municipality, though of a nat-
ure that the legislature would have a right to require it to
incur and discharge, yet if its legal and equitable obligation
is disputed, the corporation has the right to have the dispute

settled by the courts, and cannot be bound by a legislative allowance of the claim." (Cooley, Const. Lim. 233.)

In a note reviewing the authorities upon this subject he says: "It is one thing to determine that the nature of a claim is such as to make it proper to satisfy it by taxation, and another to adjudge how much is justly due upon it. The one is the exercise of legislative power, the other of judicial."

The act in question, in so far as it undertakes to definitely fix the amount due to the several persons therein named, is an attempt upon the part of the legislature to exercise judicial powers, and is repugnant to section 1 of article iii. of the state constitution.

The demurrer ought to have been sustained.

The judgment and order appealed from are reversed and cause remanded.