WILLIAM W. HARRIS *v.* HENRY E. COOPER, Secretary of the Territory of Hawaii.

ORIGINAL.

SUBMITTED APRIL 4, 1902.          DECIDED APRIL 5, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under the provisions of the election law that candidates shall be nominated by writing signed by not less than twenty-five qualified electors of the district and deposited together with twenty-five dollars with the Secretary of the Territory not less than a prescribed time before the election, and that the ballots shall contain the names of all candidates so nominated and no other name, the Secretary cannot lawfully inquire into and pass upon the qualifications of a candidate or decline to place his name upon the ballots if he is duly nominated, even though he, the Secretary, may believe him to be disqualified, nor can the courts compel him to do so,— although the Secretary may inquire into and pass upon the question of due nomination and omit from the ballots the name of a candidate if the law prescribing the requirements of a due nomination has not been complied with and may be compelled by the courts to perform his duty in that respect.

OPINION OF THE COURT BY FREAR, C.J.

This is a submission on agreed facts under Civil Laws, Section 1255, as amended by the Laws of 1898, Act. 18. The practical question for our determination is whether under the election law the Secretary of the Territory, who has charge of the printing of ballots, should omit therefrom the name of a candidate for .representative who though duly nominated is not eligible. More broadly stated, the question is whether the Secretary can go behind the question of due nomination and inquire into

10-D

and pass upon the question of the qualifications of the candidate.

The facts agreed on are in substance as follows: A special election was called for April 9, 1902, to fill a vacancy caused by the death of a member of the house of representatives. The plaintiff was duly nominated and is qualified to be a representative. One August Dreier also was duly nominated but is not qualified to be elected. On April 1, 1902, the plaintiff filed a protest with the Secretary against placing Mr. Dreier's name upon the ballot. On the next day the Secretary overruled the protest and notified the plaintiff of his, the Secretary's, determination to place Mr. Dreier's name upon the ballots. The Secretary is now causing the ballots to be prepared and printed with Mr. Dreier's as well as the plaintiff's name upon them. The Secretary's sole reason for overruling the plaintiff's protest and determining to place Mr. Dreier's name on the ballots is his belief that he is without authority to inquire into and pass upon the qualifications of a duly nominated candidate.

The ground stated for Mr. Dreier's disqualification is his failure to meet the requirement of Section 40 of the Organic Act, "that in order to be eligible to be a member of the house of representatives a person shall, at the time of election," besides possessing other enumerated qualifications, "be qualified to vote for representatives in the district from which he is elected." The reason why he is not qualified to vote for representatives in that district is not stated, though we understand it to be that he is not a registered voter in that district as required, among other qualifications, by Section 60 of the same Act, "in order to be qualified to vote for representatives."

The fact being undisputed for the purposes of this case that Mr. Dreier is not eligible to be a representative, the sole question is whether the Secretary should omit his name from the official ballot, or rather whether this court should compel him to do so. The statutory provisions involved are Sections 56 and 89 of the election rules, Civil Laws, pp. 804, 815, as amended by Section 64 of the Organic Act. These read as follows:

"§ 56. No person shall be permitted to stand as a candidate

for election to the legislature unless he shall be nominated and so requested in writing, signed by not less than twenty-five duly qualified electors of the District in which an election is ordered, and in which he is requested to be a candidate. Such nomination shall, except as hereinafter provided, be deposited with the Secretary of the Territory not less than thirty days before the day of a general election or twenty days prior to a special election, except on the Island of Oahu, where such nomination shall be deposited not less than ten days before the day of any election.

"Each nomination shall be accompanied by a deposit of twenty-five dollars, on account of the expenses attending the election, which amount shall be paid into the Treasury as a Government realization.

"Upon receipt at the office of the Secretary of the Territory of a nomination of a candidate, the day, hour, and minute when it was received shall be endorsed thereon.

"Provided, however, that in case of the withdrawal or death of a candidate, a new nomination or nominations to replace the name of the person who has died or withdrawn, may be made, irrespective of such limit of time, with the Inspectors of Election of the Districts in which death or withdrawal has taken place, and the fee herein required deposited with them.

"In such case a voter, while voting, may write the name of any such new candidate upon the ballot, and vote for it as herein provided."

"§ 89. The ballots used in any Representative election district for the election of Representatives, shall be of uniform size, weight, shape, thickness, and of the same sizing color.

"Except as provided in Section 56 hereof, the ballots for each Representative election district shall contain the names of all candidates for Representatives for such district who have been duly nominated in manner herein provided, and shall contain no other name."

The last part of Section 89 is clear. On the one hand the ballot *shall contain* the names of *all candidates* who have been *duly nominated in manner herein provided,* that is, duly nominated under Section 56. On the other hand it shall not contain the name of any person not duly nominated. In other words the Secretary not only may but should decline to place upon the ballots the name of any candidate if his nomination is not signed

by at least twenty-five persons, or if among the signers there are not at least twenty-five qualified electors of the district, or if it is not filed with the Secretary within the prescribed time, or if it is not accompanied by a deposit of twenty-five dollars, etc. The first part of Section 56 is to the same effect, that "no person shall be permitted to stand as a candidate for election to the legislature unless," etc. The duty of the Secretary in these respects is clearly prescribed by the statute. This duty also is ministerial and the courts may enforce its performance. But the Secretary is not authorized to omit the name of a candidate who has been duly nominated, much less is there a duty on his part to do so even though he believes the candidate to be ineligible, and the court cannot compel him to do what it is not his duty to do.

Counsel for the plaintiff suggest many evils as possible, or as likely to occur, if the names of persons who are ineligible are allowed to be placed upon the ballots and counsel for the nominators of Mr. Dreier suggest other evils if the many delicate and difficult questions that might arise as to the elegibility of a candidate were to be determined by a single executive officer. Such evils are largely imaginary. Practically few of them would be likely to occur at all and they but seldom and there are other remedies provided than through the Secretary or the court. If the electors should vote for an ineligible candidate and if he should receive the largest number of votes and if a certificate of election should be issued to him, the house of which he might claim to be a member could so ascertain and declare him not elected.

The very fact that "each house shall be the judge of the elections, returns, and qualifications of its members" (Organic Act, Sec. 15) is sufficient reason why neither the Secretary nor the courts should undertake to pass upon the question of the eligibility of a candidate except when it is clearly their duty to do so. The jurisdiction of each house of the legislature is exclusive in such cases. Each branch of the government must respect the prerogatives of each of the others. The action of the courts in requiring executive officers to perform ministerial duties under

the election law is not a usurpation of jurisdiction vested exclusively in the respective houses of the legislature, but on the contrary is often an aid to that jurisdiction by compelling the performance of acts necessary to enable the house to act. The question of the eligibility of a candidate is different. It may be, though as to this we express no opinion, that even that question would have to be passed upon by the courts in some cases incidentally and even that it would be the duty of each house to apply the law as so construed by the courts, though not compellable to do so. Each branch of the government has certain powers and duties which the other branches cannot control. Each branch may abuse its powers but that possibility is not a ground for the usurpation of its powers by another branch. It is to be presumed that each branch will act according to law.

As already stated it is agreed for the purposes of this case that Mr. Dreier is ineligible to membership in the house of representatives, and since the statute does not in terms authorize the Secretary to pass upon the question of eligibility, the only ground that can be urged in support of the view that he should omit the name from the ballots or that the court should compel him to omit it, is the supposed absurdity of placing on the ballots the name of a person who cannot be elected to or hold a seat in the house, and that therefore the Secretary is on general principles or by implication given the power to pass upon the question of eligibility and to omit the name of an ineligible person, or at least that the court may prevent the perpetration of an absurdity. The answer to this is that the duties of the Secretary are prescribed by the statute and the court is not a panacea for all wrongs or evils. The courts act within certain defined limits. The matter in question is without those limits both because the court cannot compel the performance of what is not a duty under the statute and because the matter in question is within the proper sphere of another branch of the government.

The same argument, if sound, would apply to some extent, if not with equal force, to the powers or duties of other officers who may be called upon to act at other stages under the election

law.  For instance, could the Inspectors of Election in any pre-
cinct rightfully take it upon themselves to decline to count the
votes cast for a candidate whom they believed to be ineligible or
to send the number of votes cast for such candidate to the High
Sheriff or Sheriff, or could the latter decline to issue a certificate
of election to a candidate who has received the largest number of
votes because he believed him ineligible?  Or could the courts
step in at each stage and compel such action on the ground that
the candidate is ineligible?  Perhaps the most instructive case
that has come to our notice in this connection is that of *People
v. Board of Canvassers*, 129 N. Y. 360.  In that case a candi-
date for senator was ineligible but had received the greatest num-
ber of votes..  The State Board of Canvassers declined to issue a
certificate of election to him.  He applied to the court for a writ
of mandamus to compel them to do so.  The Court, consisting of
seven judges, was unanimously of the opinion that the duty of
the Board so far as it went was ministerial and enforceable by
the courts, but that it could not go behind the returns and in-
quire into the eligibility of the candidate.  The question then
arose whether the court should compel the Board to issue a cer-
tificate of election to one who was clearly ineligible.  The ques-
tion was the converse of what it is in the present case.  It was
what the question would be here if the Secretary had declined to
place Mr. Dreier's name on the ballots and Mr. Dreier had
brought proceedings to compel him to place the name on the
ballots.  The majority of the court, five judges, applying to that
case the general principle that mandamus should not issue to
accomplish a wrong or the violation of a constitutional provision
or except to secure or protect a clear legal right, went into the
question of elegibility as a necessary preliminary question to be
determined as a basis for determining the other question and,
having found that the candidate was ineligible, declined to allow
the writ to compel the Board to issue a certificate of election.  Of
course, the candidate could without the certificate go before the
senate and there establish his right, if he had a right, to a seat.
The minority, two judges, were of the opinion that, in view of the
constitutional provision making each house the judge of the elec-

tions, returns, and qualifications of its own members, the court should not go into the question of eligibility at all but should compel the Board to issue the certificate of election, notwithstanding the general rule that mandamus should not issue except to protect a clear right. In other words according to the reasoning of the majority in that case the court should not compel the Secretary to omit Mr. Dreier's name and should not compel him to place it on the ballots, although it was his ministerial duty to do so. According to the reasoning of the minority in that case, the court should not only not compel the Secretary to omit the name but should, if he did omit it, compel him to place it upon the ballot.

The cases cited in behalf of the plaintiff, *State v. Leseuer*, 103 Mo. 253; *State v. Allen*, 62 N. W. (Neb.) 35; *State v. Falley*, 76 N. W. (N. D.) 996, are not inconsistent with the foregoing views. On the contrary they seem rather to support them. They go to show that the officer to whom is committed the preparation of the ballots may look into the question of whether the nomination has been made as required by the statute but they also tend to show by implication at least that he cannot go further and inquire into the question of the eligibility of the candidate. Other instructive cases are *State v. Van Camp*, 54 N. W. (Neb.) 113; *Lucas v. Ringsrud*, 53 N. W. (S. D.) 426; *Atkeson v. Lay*, 115 Mo. 538; *Price v. Lush*, 9 L. R. A. (Mont.) 467; *State v. Board of Canvassers*, 31 Pac. (Mont.) 536; *O'Ferrall v. Colby*, 2 Minn. 180; *Gulick v. New*, 14 Ind. 93; *Maynard v. Board of Canvassers*, 84 Mich. 228, 245; *Bingham v. Jewett*, 66 N. H. 382.

In our opinion the Secretary has acted according to law so far as appears in this case and the plaintiff is not entitled to have the name of Mr. Dreier omitted from the official ballot.

Judgment accordingly.

*Robertson & Wilder* and *T. McCants Stewart* for the plaintiff.

The Secretary in person.

*Kinney, Ballou & McClanahan* for the nominators of August Dreier.