# JOSEPH S. W. HARRIS

## *vs.*

## COUNTY COMMISSIONERS OF ALLEGANY COUNTY.

*Constitutional law: Legislature; no judicial functions.*

Exercise by the Legislature of judicial power, in the passage of a law, is repugnant to, and in violation of, the Constitution of the State.                                    p. 491

Chapter 466 of the Acts of 1916 directed the County Commissioners of Allegany County to levy a certain sum by taxation, which sum was directed to be divided up and paid to the sureties on the bond of a tax collector on the ground that the said sureties had paid in that amount of taxes which the tax collector had failed to collect, although against such claim for taxes the collector had a right to credit for over-assessments, insolvencies, etc., sufficient to cover the amount of the alleged default, it was: *Held,* that the Act was unconstitutional, because such an enactment by the Legislature was an assumption of judicial functions.                                    p. 493

Where the facts, out of which a legal or moral obligation is claimed to arise, are disputed, the contention is one that falls within the judicial province under the distribution of governmental powers as prescribed by Article 8 of the Declaration of Rights.                                    p. 494

*Decided April 4th, 1917.*

Appeal from the Circuit Court for Allegany County. (Henderson, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*P. Clarence Barnes* and *Albert A. Doub* submitted a brief for the appellant.

*George Henderson* argued the case (with *A. Taylor Smith* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a petition for a writ of mandamus filed in the Circuit Court for Allegany County by the appellant, the plaintiff below, against the appellee, the defendant below, to compel the defendant, the County Commissioners of Allegany County, to levy at the annual levy of 1917, the sum of $452.83 and to pay it over to the petitioners, under the provisions of Chapter 466 of the Acts of 1916 of the Laws of Maryland.

The defendant below demurred to the petition, and from a judgment for the defendant, on the demurrer, this appeal has been taken.

The facts of the case, as alleged by the petition are as follows: The plaintiff was one of the bondsmen of a certain James Schuyler, a State and county tax collector for Allegany County, for the years 1901, 1902 and 1903, and the tax collector being in default in the sum of $3,717.44, the sureties upon this bond on or about the 2nd of November, 1908, paid the default upon demand of the County Commissioners, to the treasurer of the county, and the petitioner's proportion of the amount of the default as one of the sureties so paid by him was the sum of $452.83.

The petition also alleges that since the payment by the sureties to the county it has been learned that the tax collector was at the time of the payment entitled to certain allowances for insolvencies and mistakes in assessment sufficient to cover the amount for which he was in default; that the County Commissioners of Allegany County were authorized and directed by Chapter 466 of the Acts of 1916, to levy the sum of $3,717.14, and to pay the same to the sure-

ties on the bond of the tax collector, and to levy and pay the
sum of $452.83, which was paid to the treasurer of the coun-
ty by the petitioner as his proportion of the amount of the
default.

The petition then avers that demand has been made upon
the County Commissioners that at their annual levy for the
year 1917 they levy the sum of $452.83 in favor of the peti-
tioner, but they have refused to do so at the next annual levy
for 1917, or at any other time, and have also refused to
comply with the Act of Assembly requiring them so to do.

The Act of 1916, Chapter 466, upon which the petitioner
relies for relief, is entitled an Act to authorize and direct the
County Commissioners of Allegany County, Maryland, to
levy at the annual levy for the year 1916 the sum of thirty-
seven hundred and seventeen dollars and forty-four cents
($3,717.44), and to pay the same to the sureties on the bond
of James Schuyler, State and County Tax Collector for Alle-
gany County, for the years 1901, 1902 and 1903, which sum
said sureties paid to the said County Commissioners by mis-
take.

The preamble of the Act recites the objects which are to
be accomplished by the provisions of the statute as follows:
Whereas, the said James Schuyler was State and County Tax
Collector for Allegany County for the years 1901, 1902 and
1903, and failed to pay over the sum of thirty-seven hundred
and seventeen dollars and forty-four cents ($3,717.44) to
the said Allegany County, and the said County Commission-
ers having called upon the said sureties to make good the
said default, the said sureties paid the said sum of thirty-
seven hundred and seventeen dollars and forty-four cents
($3,717.44) to the treasurer of said county under a mistaken
impression and without the authority of the said tax collector,
and without suit having been brought, and without giving the
said James Schuyler, tax collector aforesaid, the opportunity
to defend and explain the said default; and, whereas, it is
now learned that the said James Schuyler was then entitled

to certain allowances for insolvencies and mistakes in assessments sufficient to cover the said amount for which he was in default.  Now, therefore, section 1, be it enacted by the General Assembly of Maryland, that the County Commissioners of Allegany County be and they are hereby authorized and directed at the annual levy for 1916 in Allegany County, to levy the sum of thirty-seven hundred and seventeen dollars and forty-four cents ($3,717.44), and pay the same over to the sureties upon the bonds of the collector.

The statute then names each surety and the amount to be paid each, including the sum of $452.83 to be paid the petitioner as one of the sureties.

The Act was duly approved by the Governor on the 18th of April, 1916, and it was provided by the Act that it should take effect from the date of its passage.

There were a number of objections urged at the argument to the validity of the Act of 1916, here sought to be enforced, but as we are of opinion that the Act is inoperative and void as an invasion and a plain attempt to exercise judicial power by the Legislature, in violation of the Constitution of the State, it will be unnecessary to consider the others.

While the courts are reluctant and averse to declare an Act of a co-ordinate department of the Government an unwarranted assumption of judicial power, and will not do so, except where the character of the Act done is in plain and obvious conflict with the Constitution, yet the exercise by the Legislature of judicial power in the passage of a law, such as was attempted by the Act here in question, has frequently been held by this Court and in other jurisdictions, to be repugnant to and in violation of the Constitution of the State.

In the case of *Queen Anne's Co.* v. *Talbot County,* 108 Md. 196, it was held that an Act of the Legislature which determined what amount is due by one county to another, and directing the debtor county to pay such amount, is the exercise of a judicial power by the Legislature and was unconstitutional and void.  The doctrine and principle an-

nounced in the *Talbot County Case,* is supported by a uniform line of decisions in this Court. *State* v. *Chase,* 5 H. & J. 298; *Crane* v. *Meginnis,* 1 G. & J. 472; *Baltimore* v. *Porter,* 18 Md. 284; *Baltimore* v. *Horn,* 26 Md. 194; *State* v. *B. & O. R. R. Co.,* 12 G. & J. 399; *Wright* v. *Wright, Lessee,* 2 Md. 452.

In 8 *Cyc.* 820, it is stated, as sustained by authority, that an Act of the Legislature determining the amount of indebtedness due from one person to another is void. *Hoagland* v. *Sacramento,* 52 Cal. 142; *Davenport* v. *Young,* 16 Ill. 551; *Lane et al.* v. *Dorman,* 3 Scam. R. 238; *Weismer* v. *Douglas,* 64 N. Y. 98; *State* v. *Hampton,* 13 Nev. 439.

In *Pittsburgh & S. R. R. Co.* v. *Cazzam,* 32 Pa. St. 350, the Supreme Court of Pennsylvania, in striking down a somewhat similar statute, said: "Is it competent, then, for the Legislature, when they find a loose promise adrift, to authorize the plaintiff to seize it and sue upon it? Can the Legislature prescribe what judgment the courts shall or shall not give in a particular case? We think not. The defendant's property might be taken by the Pittsburg and Steubenville Railroad Company, under the sanction of an Act of Assembly, but he cannot be legislated into an assumpsit to the company. Nor can his right to judicial protection against an unfounded claim be taken away by legislation.

"And yet the plaintiff's case rests on no better foundation than such legislation. The defendant made no promise— assumed no obligation to the plaintiff. That ought to be a sufficient reason why this action would not lie. And where there is no assumpsit, express or implied, the legislative power is incompetent to create one."

In *Tyson* v. *School Directors,* 51 Pa. St. 22, where an Act of Assembly authorized and required certain school directors of a town to borrow money to reimburse "a bounty association," for moneys advanced to free the township from a draft, the Court held the Act to be unconstitutional and said: "Such an enactment would not be legislation at all. It would be in

the nature of judicial action, it is true, but wanting the justice of notice to parties to be effected by the hearing, trial, and all that gives sanction and force to regular judicial proceedings; it would much more resemble an imperial rescript than constitutional legislation; first in declaring an obligation where none was created or previously existed; and next in decreeing payment by directing the money or property of the people to be sequestered to make the payment."

In *Board of Education* v. *State,* 51 Ohio State Reports, 531, the Court held, we quote from the syllabus: "Where no obligation, legal or moral, rests upon a board of education, to pay a claim asserted against it by a private individual, an Act of the General Assembly, procured by the claimant, commanding such board to levy a tax for its payment, is unconstitutional and void. In such case, if the Board of Education disputes the facts asserted by the claimant as the foundation of his claim, the General Assembly, while it may make inquiry to ascertain in the first instance, the truth of the facts so asserted, yet is without authority to conclusively find and recite in the act providing relief, the facts in dispute, so as to estop the Board of Education from contesting them in a Court of justice where the act is sought to be enforced."

The Act now before us it will be seen, while in form a law, is clearly in effect a legislative decree or judgment in favor of the petitioner against the County Commissioners of Allegany County, and in the nature of judicial action.

The statute not only in terms declares that the sum of $3,717.44 was paid by the sureties of the defaulting collector to the Treasurer of Allegany County, but it decides and determines that the county owes the sureties this sum of money, and it directs the commissioners to levy this amount and to pay it to the sureties, including the sum of $452.83 to the petitioner. In other words the amount which the county is required to pay these sureties is fixed, ascertained and determined by the Act itself, and this too without any judicial inquiry as to whether an indebtedness exists or as to

the amount of the indebtedness, if any exists. All possible defenses which the county could have made against this claim are disposed of against it by the legislative judgment upon the face of the statute itself.

It is well settled by all the authorities that where the facts, out of which a moral or legal obligation is claimed to arise are disputed, the contention falls within the province of the courts under the distribution of governmental powers prescribed by the Constitutions of the States. 6 *A. & E. of Law* 1020; 17 *A. & E. of Law* 888; *Cooley's Constitutional Limitations,* 102-154; *Weismer* v. *Douglas,* 64 N. Y. 99.

By Article 8 of the Declaration of Rights of this State, it is declared the legislative, executive and judicial powers of government should be forever separate and distinct from each other, and no person exercising the functions of one of said departments shall assume or discharge the duties of any other.

In *Crane* v. *Meginnis,* 1 G. & J. 476, this Court in discussing this section of our Bill of Rights, said, that its common purpose was to confine in practice the action of each department to its own appropriate sphere, by forbidding to it the use of powers allotted to the co-ordinate departments, that is: "That the legislative department shall never exercise the executive and judicial powers or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them."

Being of opinion that the Legislature transcended its authority and power in the passage of the Act of 1916, Chapter 466, here in question, this Act, for the reasons stated, must be held to be invalid, inoperative and void.

The defendant's demurrer to the plaintiff's petition was, therefore, properly sustained and the judgment will be affirmed.

*Judgment affirmed, with costs.*