## DE MELLO v. FONG, City and County Auditor.

### No. 11558.

Circuit Court of Appeals, Ninth Circuit.

Oct. 29, 1947.

Charles B. Dwight, of Honolulu, T. H., for appellant.

Wilford D. Godbold, City and County Atty., and C. Dudley Pratt, both of Honolulu, T. H. (Vitousek, Prat & Winn, of Honolulu, T. H., of counsel), for appellee.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

In this case we are asked to reverse a decision of the Supreme Court of the Territory of Hawaii holding invalid a private act of the territorial legislature, passed April 25, 1945, directing the treasurer of the city and county of Honolulu to pay to appellant the sum of $6,000 upon a warrant to be drawn by the auditor of the municipality. The act, so far as material, is shown on the margin.[1]

---

[1] "Be it Enacted by the Legislature of the Territory of Hawaii:

"Section 1. The treasurer of the city and county of Honolulu is hereby authorized and directed to pay upon a warrant drawn by the auditor of the city and county of Honolulu, the sum of six thousand and no/100 dollars ($6,000.00) to John De Mello, Jr., for the purpose of reimbursing said John De Mello, Jr., for the lost equipment suffered in connection with that certain contract entered into with the Honolulu Sewer and Water Commission on or about the 30th day of March, 1927, for the construction of a pumping station and equipment at Kaimuki, city and county of Honolulu; provided said amount shall be payable to said

The question arose in this manner: Upon refusal of the auditor (appellee) to issue the warrant, appellant brought mandamus proceedings to compel compliance with the act. The petition for the writ shows that appellant's claim against the municipality sounded in tort, that is to say, it arose out of the alleged conversion by the Honolulu Sewer and Water Commission of certain equipment of appellant, or the loss of the equipment through the negligence of the Commission. The circuit court issued an alternative writ, which it later quashed on motion of the auditor, and this disposition of the matter was affirmed on appeal. De Mello v. Fong, 37 Hawaii 415. The court construed the Hawaiian Organic Act as having partitioned the powers of the territorial government among the three branches thereof, allocating to each branch a particular power. It concluded that the private act was an attempt by the legislature to exercise the judicial power.[2] In reaching this determination the court thought it essential to inquire whether the legislature had undertaken to pass judgment upon disputed facts out of which the tortious obligation of the municipality was claimed to have arisen. From the circumstances of the case and the lack of a contrary showing it deemed the claim to have been disputed at the time of the enactment, both as to liability and as to amount. It held, on the basis of numerous authorities, that where the facts out of which either a legal or a moral obligation is claimed to arise are disputed, the settlement of the contention is not a rightful subject of legislation but falls within the province of the courts.

Appellant argues that there is no basis in the record for the assumption that the underlying facts were disputed. We think otherwise. The petition for the writ did not allege that the claim was undisputed.[3] It merely set forth the facts as the petitioner contended them to be. Moreover, as the court observed, the claim was a stale one of which the city was not shown even to have been cognizant. On its face, said the court, it evidenced by its tortious nature and unliquidated state that it involved a controversy; and it was pointed out that since the inception of the claim there existed statutory authority for a suit upon it against the municipality in a court of competent jurisdiction.

The holding below is said to be in conflict with Pope v. United States, 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 and Guthrie National Bank v. Guthrie, 173 U.S. 528, 19 S.Ct. 513, 43 L.Ed. 796. We think it is not. Decisions of the courts of a number of the states are cited for the proposition that a private act of this nature is within the legislative competence. We need not discuss or review them. Enough to say that there is support in many of the general authorities for the decision appealed from.[4] We are in position to reverse rulings of the territorial court only in cases of manifest error. "Unless there is clear departure from ordinary legal principles, the preference of a federal court as to the correct rule of general or local law should not be imposed upon Hawaii." Waialua Agr. Co. v. Christian, 305 U.S. 91, 109, 59 S.Ct. 21, 30, 83 L.Ed. 60.

Judgment affirmed.

---

John De Mello, Jr., only upon his executing and delivering to said auditor a receipt and release in full of and for all claims and demands whatsoever which he may have against said board of water supply or said city and county, or both of them, arising out of, or in connection with, or relating to, said contract or any matters whatsoever incidental thereto." Act 46, p. 434, S.B.No.85, Session Laws of Hawaii 1945.

[2] Earlier holdings denying the power of the legislature to infringe upon the prerogatives either of the judicial or executive branch of the territorial government are cited by the court, these being Harris v. Cooper, 14 Hawaii 145; In re Cummins, 20 Hawaii 518; In re Tavares, 26 Hawaii 101.

[3] The local statute requires of a petitioner for mandamus a sworn statement of the essential facts, § 10264, Rev.Laws of Hawaii, 1945.

[4] Consult Harris v. Commissioners, 130 Md. 488, 100 A. 733, L.R.A.1917E, 824; Queen Anne's County Com'rs v. Talbot County Com'rs, 108 Md. 188, 69 A. 801; State v. Hampton, 13 Nev. 439; Board of Education v. State, 51 Ohio St. 531, 38 N.E. 614, 25 L.R.A. 770, 46 Am.St.Rep. 588; Baldwin v. New York, 42 Barb., N.Y., 549; Id., 45 Barb., N.Y., 359; State v. Tappan, 29 Wis. 664, 9 Am.Rep. 622.