TERRITORY OF HAWAII *v.* AH FOOK YOUNG.

NO. 2845.

Argued March 27, 1952.          Decided May 19, 1952.

Towse, C. J., Le Baron and Stainback, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

The defendant and thirty-four others were charged with violation of section 11345 of Revised Laws of Hawaii 1945: "Every person found present in any such room, house, or place barred or barricaded, or otherwise built or protected in a manner to make it difficult of access or ingress to police officers where are exhibited or exposed to view any cards, dice, dominoes, or any gambling layout, or any part of such layout or any other gambling implements whatsoever used in any game of faro, monte, roulette, tan, fan tan, or any banking or percentage game, played with cards, dice, dominoes, or any device for money, checks, credit or any representative of value, or any other game in which money or anything of value is lost or won, is guilty of a misdemeanor."

The information read: "You are hereby charged that at Honolulu, City and County of Honolulu, Territory of Hawaii, on or about the 8th day of June, 1950, you were found present at 72 North Pauahi Street, a place barred

and barricaded and protected in a manner to make it difficult for access or ingress to police officers and where and when chips, dominoes, dice and other gambling implements were exhibited or exposed to view and where and when three or more persons were found present, and did then and there and thereby violate the provisions of section 11345 of Revised Laws of Hawaii, 1945."

The defendant in error demurred to the charge upon the ground that it failed to state either a cause of action or an offense cognizable under the laws of the Territory. The demurrer was directed at the failure to allege that at the time and place of the offense a "gambling layout" or "any other gambling implements" were then and there being "used" in "any game * * * in which money or anything of value" was "lost or won."

The demurrer presented the question of whether it was necessary to allege and establish that the gambling implements were, at the time of arrest, being then and there used in a game wherein something of value was lost or won. The Territory has prosecuted writ of error from the order sustaining the demurrer.

Chapter 262, Revised Laws of Hawaii 1945, is entitled: "GAMBLING, LOTTERY, ETC." (R. L. H. 1945, § 11340 to § 11358.) Its provisions declare gambling and lotteries illegal; define gambling games, gambling implements and devices, places wherein gambling is specifically prohibited; authorize the forfeiture of moneys or other personal property used or seized in gambling; the recovery of seized property by innocent owners and civil remedies for recovery of losses at gambling. Section 11344 defines a barred or barricaded place, specifically prohibits gambling therein and penalizes the exhibiting or exposing to view of any gambling implements whatsoever in such barred place. Section 11345, under which the defendants were charged, declares it a misdemeanor to be "found present in any such

room, house, or place barred or barricaded" in which any "gambling implements whatsoever * * * used in any game * * * in which money or anything of value is lost or won" where said implements are "exhibited or exposed to view."

The Territory contends that the presence of a person in a barred or barricaded place as defined in section 11344, wherein gambling implements are merely exhibited or exposed to view, constitutes an offense under section 11345; and that the enumerated implements need not be in actual use in a gambling game at the time of arrest.

The defendant in error contends that the terms "used in any game" in relation to the context of that section requires allegation and proof that the gambling implements were not only "exhibited or exposed to view" but were also then and there in actual use in a gambling game in which money or anything of value was being lost or won.

The provisions of chapter 262 are expressly directed to prohibiting and penalizing gambling and lotteries, and the possession of gambling implements and devices used in gambling games both in general terms and by specific provisions relating to their use in certain circumstances. Statutes upon the same subject matter are construed with reference to each other. (*Parke* v. *Parke,* 25 Haw. 397.) Two or more statutes or provisions *in pari materia* relating to the same subject matter are to be compared and considered together since they are deemed as having one object in view (*Shillaber* v. *Waldo et al.,* 1 Haw. 31) ; and if ambiguous are considered with other provisions of the statute, its title, other statutes *in pari materia* and the circumstances under which it was enacted. (*In re CONTESTED ELECTION,* 15 Haw. 323.) Section 11345 interpreted *in pari materia* thus relates specifically to the preceding section 11344.

The term "used" is employed as an adjective describing the phrases "gambling layout, or any part of such layout

or any other gambling implements whatsoever." In this sense it refers to implements customarily employed in gambling. It characterizes the implements of which the exhibiting or exposing to view in a barred or barricaded place is expressly prohibited. Other statutory provisions decreeing the forfeiture of property such as fishing nets, firearms and other fishing and hunting gear are of similar purpose and intent. These classes of personal property are not per se unlawful, though in given circumstances their use is expressly so declared. As in the case of gambling implements and devices, while such property may also be lawfully purchased and possessed, it is their use in designated circumstances which is determinative of their status. As for example the possessing, exhibiting or exposure to view of gambling paraphernalia such as dice, cards or mechanical devices and games as implements of innocent entertainment in a home or public amusement arcade is lawful; while on the other hand, the identical articles when exhibited or exposed to view in a barred or barricaded place would summarily alter their status to that which is expressly declared unlawful. It is this factor which, in given circumstances, converts their status and is determinative of their legality. Section 11343 prohibits the playing, conducting or being present at gambling games and is a general prohibition against gambling and presence at gambling games irrespective of situs. Section 11345 thus constitutes an additional prohibition against mere presence as it relates to a barred or barricaded place wherein gambling devices are exhibited or exposed to view.

In interpreting these sections, we conclude the intent of section 11345 to be limited to persons present in a barred or barricaded place wherein gaming implements are exhibited or exposed to view and its object directed at facilitating the detection and arrest of persons in such places designedly "barred or barricaded or otherwise built or pro-

tected in a manner to make it difficult of access or ingress to police officers" in order to deter or evade detection and arrest.

All material allegations of the information herein being admitted for the purpose of demurrer, we interpret the word "used" as a descriptive term applicable to the nature and type of gambling implements exhibited or exposed to view in such barricaded place; and that the provisions of section 11345 do not, therefore, require that the implements be in actual use in a gambling game in which money or anything of value is lost or won at the time of arrest. Accordingly, every person found present in any such barricaded place wherein the enumerated gambling implements are exhibited or exposed to view is subject to prosecution under its provisions.

The order sustaining the demurrer is reversed and the cause remanded to the district court of Honolulu for further proceedings consistent with this opinion.

*S. Landau* (*Landau & Fairbanks* on the brief) for defendant in error.

*J. Y. Shigemura,* Assistant Public Prosecutor (*A. R. Hawkins,* Public Prosecutor, with him on the briefs), for plaintiff in error.